UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEFAN GEIRINGER,

         Plaintiff(s),      **ORDER**
                      CV05-4172 (WDW)
  -against-

PEPCO ENERGY SERVICES, INC.,

         Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

  Before the court, on this closed matter, is the plaintiff's Motion to Compel Compliance With Stipulation of Settlement [62] & [64]. The motion is opposed by the defendant. [65] & [66]. The motion is denied on the ground that this court lacks jurisdiction, as explained *infra*.

  After the start of a jury trial on October 1, 2007, the parties reached a settlement and stipulated to that settlement on the record. Plaintiff's attorney read the stipulation into the record, and the parties signed a handwritten stipulation that, *inter alia*, dismissed all claims, both the plaintiff's and the defendant's counterclaims, with prejudice. *See* 10/2/07 Tr. 115:3-117:5; [62], Ex. A ¶2. After the parties read the stipulation of settlement into the record, the court entered an electronic order dismissing the case and it was closed.

  The plaintiff now claims that the defendant has not complied with the terms of the stipulation of settlement, a claim that the defendant denies, and seeks an order compelling the defendant to do so. The court need not look to the specifics of the plaintiff's claim, however, because, as the defendant argues, a district court lacks jurisdiction to compel enforcement of a settlement agreement once the underlying action has been dismissed by stipulation. *See* Friedman Letter [65] at 1-2 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); 8 *Moore's Federal Practice*, §41.34[6][h] (Matthew Bender 3d Ed.)). In *Kokkonen*, the court noted that neither Federal Rule 41 nor any other provision of law "provides for jurisdiction of the court

over disputes arising out of an agreement that produces the stipulation [of settlement]," where the settlement was not entered as an order of the district court and the court did not expressly retain jurisdiction over the enforcement of the settlement agreement. *Kokkonen*, 511 U.S. 378, 381-82. Here, nothing in the transcript or the stipulation reflects express retention of jurisdiction, and the court's order reads: "ORDER DISMISSING CASE on 10/2/07. The parties stipulated to settlement on the record. Ordered by Judge William D. Wall on 10/2/07." Absent retention of jurisdiction or order of the court embodying the terms of the agreement, "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for jurisdiction." *Id.* at 382.

Relying on the Court's reference to "some independent basis for jurisdiction," the plaintiff argues that diversity jurisdiction exists and that the court can thus decide the motion to compel. Pl. Reply Mem. [64] at 1-2. While the court does not challenge the assertion that diversity here exists (indeed it was the basis for jurisdiction over the underlying claims), the result is that the plaintiff can initiate a new action for breach of contract in federal court, relying on diversity jurisdiction if the requirements for the exercise of that jurisdiction are met. It does not mean that the contract dispute involving the settlement agreement can be decided in the context of the now-closed action CV 05-4172. Thus, the motion is denied. The plaintiff must initiate a separate action to get the relief he seeks. The court takes no position on the merits of his claim.

Dated: Central Islip, New York  
      November 16, 2007

**SO ORDERED:**

/s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge